UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH EVANS and KENYA EVANS, as the Independent Administrators of the Estate of KHAYLA J. EVANS, deceased, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 23-cv-04248 |
| vs. | )<br>) Hon. Jeffrey I. Cummings |
| LAKE COUNTY, ILLINOIS; JOHN IDLEBURG; LIEUTENANT NICHOLAS KALFAS; OFFICER PAMELA CASTILLO; OFFICER LARISA TATE; OFFICER KRYSTLE REED; OFFICER KRISTIN DEBBEN; OFFICER KELLY ANDERSON; OFFICER JESSICA RODRIGUEZ; LAKE COUNTY SHERIFF'S OFFICER CP #27107; WELLPATH, LLC, a Foreign Corporation; NICHOLAS PAPANOS, MD; KERRY EHLERT-DONOVAN, LPN; TARYN WEILER, RN; CONSUELO REYES, RN; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA MEDICAL CENTER EAST, an Illinois Corporation; JARROD BARKER, MD; SARA FERRERA, MD; SHAHRUKH MALGHANI, MD; NEIL PULLER, MD; AMERICAN PHYSICIAN PARTNERS, LLC, a Foreign Corporation, TZVETAN NAYDENOV, MD; and KENJI OYASU, MD; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MOTION TO COMPEL DIRECTED TO DEFENDANTS WELLPATH, LLC AND WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA MEDICAL CENTER EAST**

NOW COME the Plaintiffs, KENNETH and KENYA EVANS, as the Independent Administrators of the Estate of KHAYLA J. EVANS, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and respectfully move this Court to compel answers to discovery from Defendants WELLPATH, LLC and WAUKEGAN ILLINOIS HOSPITAL

1

COMPANY, LLC d/b/a VISTA MEDICAL CENTER EAST. In support of said motion, the Plaintiffs state as follows:

1. On June 30, 2023, the Plaintiffs filed the above-captioned lawsuit arising out of the death of their 24-year-old daughter, Khayla J. Evans, while she was detained at Lake County Adult Corrections Facility. This cause being brought in part under 42 U.S.C.A. § 1983 alleges that Khayla's death was caused by, *inter alia*, failures to timely and appropriately administer medical treatment by various Defendants. At the time of the subject incidents, Defendant Wellpath, LLC was contracted by Lake County to provide medical and mental healthcare services to detainees at Lake County Adult Corrections Facility.

2. The Plaintiffs filed the operative Second Amended Complaint on January 16, 2024.

3. The Plaintiffs issued Interrogatories and Requests for Production to Defendant WellPath, LLC and its individually-named agents, Nicholas Papanos, M.D., Kerry Ehlert-Donovan, LPN, Taryn Weiler, R.N., and Consuelo Reyes, R.N. (hereinafter "the WellPath Defendants") on December 21, 2023 – nearly eight months ago.

4. To date, the Plaintiffs have only received written discovery answers and responses from Taryn Weiler, R.N. out of all the WellPath Defendants.

5. Similarly, the Plaintiffs issued Interrogatories and Requests for Production to Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East and its individually-named agents, Jarrod Barker, M.D., Sara Ferrera, M.D., Shahrukh Malghani, M.D., Neil Puller, M.D., Tzvetan Naydenov, M.D., and Kenji Oyasu, M.D. on December 21, 2023.

6. To date, Defendant Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East and its individually-named agent Neil Puller M.D. have yet to provide discovery

2

answers and responses. The remaining individually-named defendants have answered the Plaintiffs' written discovery requests.

7. On July 11, 2024, the Plaintiffs sent a letter to WellPath, LLC's counsel requesting answers to their discovery requests. That correspondence is attached hereto as Exhibit A. Plaintiffs also sent a letter to Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East's counsel requesting answers to their discovery requests. That correspondence is attached hereto as Exhibit B.

8. On July 17, 2024, following the filing of a Joint Status Report, this Court ordered that discovery be answered by July 31, 2024. (Dkt. #90).

9. On July 30, 2024, counsel for Wellpath and its individually-named agents requested an extension of the deadline to answer written discovery requests to approximately August 13, 2024. In the spirit of cooperation, the Plaintiffs agreed to the extension.

10. On August 5, 2024, the parties completed the Plaintiffs' depositions.

11. On August 12, 2024, Plaintiffs' counsel attempted to confer with counsel via email and phone call for WellPath, LLC ahead of this agreed deadline and have not received a response.

12. Plaintiffs' counsel also exchanged emails with counsel for Vista. Counsel for Vista advised that due to their trial schedule, they would not be able to answer until August 27, 2024. Plaintiff agreed to this extension in the spirit of cooperation. Vista's counsel also recently advised that the defendant hospital has been sold and there is no ownership.

13. While Plaintiffs understand and are receptive to these delays, the Plaintiffs cannot move forward with oral discovery of the Defendants without critical medical records and discovery responses from WellPath, LLC and Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East.

14. Pursuant to Fed. R. Civ. Pro. 37(a)(1), Plaintiffs' counsel certifies that we have attempted to confer in good faith in an effort to avoid court action.

15. Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 33, a party may serve interrogatories that must be answered within 30 days. Fed. R. Civ. P. 33(b)(2). Under Rule 34, a party may serve requests for production of documents, responses to which are required within 30 days. Fed. R. Civ. P. 34(b)(2)(A).

16. Federal Rule of Civil Procedure 37 allows a party to move to compel discovery if the opposing party fails to respond or provides incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). Rule 37 provides that a party may move for an order compelling disclosure of certain information or responses to certain discovery requests, provided that the motion to compel "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A party may move to compel deposition answers and production or inspection of documents. Fed. R. Civ. P. 37(a)(3)(B).

17. The discovery answers of WellPath, LLC and Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East are long past the 30-day deadline under Rule 33(b)(2), past due pursuant to the Court's order requiring answers by July 31, and past due pursuant to the agreed extension.

18. The Plaintiffs have likewise attempted at numerous junctures to confer in good faith to avoid this motion. Therefore, the Plaintiffs now seek this Honorable Court's intervention to compel answers to discovery within seven (7) days.

19. Plaintiffs can agree to withdraw the motion directed to individual defendants as answers are received. Plaintiffs will advise the Court when this Motion is presented if any outstanding answers have been received.

WHEREFORE, the Plaintiffs pray this Honorable Court grant their Motion to Compel and order that answers to discovery be provided by Defendants, WELLPATH, LLC; Nicholas Papanos, M.D.; Kerry Ehlert-Donovan, LPN; Consuelo Reyes, R.N.; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA MEDICAL CENTER EAST; and Neil Puller, M.D. within seven (7) days.

Respectfully Submitted,

*/s/ Jaclyn J. Kurth*
Attorney for Plaintiffs

Tara R. Devine (ARDC #6280880)
Eirene N. Salvi (ARDC #6321198)
Jaclyn J. Kurth (ARDC #6336949)
SALVI, SCHOSTOK & PRITCHARD P.C.
218 N. Martin Luther King Jr. Ave
Waukegan, Illinois 60085
(847) 249-1227
tdevine@salvilaw.com
esalvi@salvilaw.com
jkurth@salvilaw.com