UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KENNETH EVANS and KENYA EVANS, as the Independent Administrators of the Estate of KYAYLA J. EVANS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>Defendants. | Case No.: 23 cv 04248<br><br>Hon. Jeffrey I. Cummings |

## MOTION TO WITHDRAW AS COUNSEL FOR WELLPATH, LLC

Attorneys Ronald E. Neroda, and Edward A. Khatskin of HALL & EVANS, LLC (the "Withdrawing Counsel"), pursuant to Local Rule 83.17, move for leave to withdraw their Appearances for Wellpath LLC in the above-captioned case, and in support of their Motion for Leave to Withdraw state as follows:

1. On November 11, 2024, Wellpath filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90533 (ARP). An automatic stay of all proceedings involving Wellpath and its employees was entered on December 9, 2024.

2. On May 1, 2025, the Bankruptcy Court entered an order confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc., and Certain of Its Debtor Affiliates ("the Plan"). (U.S. Bankruptcy Ct. S.D. Tx., Case No. 24-90533, Dkt. 2596).

3. As of May 9, 2025, the automatic stay has been lifted as to the case and all the parties. Under the Plan approved by the Bankruptcy Court, Wellpath was discharged from liability for all claims against Wellpath involving incidents that happened before the bankruptcy

1

(November 11, 2024). (*See* General Form of Order Regarding Lift Stay Motions entered in the U.S. Bankruptcy Ct. S.D. Tx., Case # 24-90533, Dkt. 2907, on June 4, 2025 ("BK Lift Stay Order"), attached as Exhibit A). The instant case arises from alleged conduct or occurrences which all occurred prior to Wellpath's bankruptcy filing.

4. As set forth in Article IX.A of the Plan, all Claims and Causes of Action of any nature whatsoever against the Debtors are discharged. The distributions, rights, and treatment that are provided in the Plan are in complete satisfaction of such Claims and Causes of Action. (Ex. A, ¶ 3).

5. The BK Lift Stay Order further states:

> Holders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. Such holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust; provided, however, outside of the Pro Rata distribution from the Liquidating Trust as well as recovery from any applicable insurance plan, the Holders of such claims may not seek satisfaction of, and are permanently enjoined from seeking payment of, any judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit from, or in connection with, the Debtors, the Debtors' estates, or the Post-Restructuring Debtors.

(Ex. A, ¶ 4).

6. Accordingly, pertaining to Plaintiff's potential claims against Wellpath, there are two options: (1) non-binding alternative dispute resolution process; or, (2) a determination of the Debtor's liability through the appropriate civil court with the liquidating trust as a nominal defendant. Either option does not involve litigation directed at Wellpath LLC in this Court. In

other words, Plaintiff cannot continue pursuing claims against Wellpath LLC in this District because Wellpath LLC is the Debtor, and the proper nominal defendant is the Liquidating Trust.

7. Furthermore, since Wellpath LLC has been discharged from pre-petition claims like this one, it should be dismissed from this case, and there is no viable Wellpath entity for which the Withdrawing Counsel can maintain an appearance in this matter.

8. Moreover, since no more litigation against Wellpath LLC can occur, this Defendant requires no further legal representation.

9. Therefore, the Withdrawing Counsel respectfully request leave to withdraw their Appearances as attorneys for Wellpath LLC.

10. For avoidance of doubt, the same attorneys do not request leave to withdraw from representing the individual non-debtor Defendants that they are currently representing.

11. The Notification of Party Contact Information form, mandated by Local Rule 83.17, is attached hereto as Exhibit B.

WHEREFORE, Attorneys Ronald E. Neroda and Edward A. Khatskin respectfully request that the Court grant them leave to withdraw from representing Wellpath LLC only, and for any such additional relief the Court deems just and proper.

Respectfully submitted,

WELLPATH, LLC

By: /s/ *Edward Khatskin*
Ronald E. Neroda – ARDC No. 6297276
Edward Khatskin – ARDC No. 6319840
Hall & Evans LLC
121 W Wacker Drive, Suite 2150
Chicago, IL 60601
(224) 335-7557
nerodar@hallevans.com
khatskine@hallevans.com