UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH EVANS and KENYA EVANS, as the Independent Administrators of the Estate of KHAYLA J. EVANS, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKE COUNTY, ILLINOIS; LAKE COUNTY ADULT CORRECTIONS FACILITY; SHERIFF JOHN IDLEBURG; WELLPATH, LLC, a Foreign Corporation; NICHOLAS PAPANOS, MD; KERRY EHLERT-DONOVAN, LPN; TARYN WEILER, RN; CONSUELO REYES, RN; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC d/b/a VISTA MEDICAL CENTER EAST, an Illinois Corporation; JARROD BARKER, MD; SARA FERRERA, MD; SHAHRUKH MALGHANI, MD; NEIL PULLER, MD; AMERICAN PHYSICIAN PARTNERS, LLC, a Foreign Corporation, TZVETAN NAYDENOV, MD; and KENJI OYASU, MD; <br><br> Defendants. | Case No. 23-cv-04248 <br><br> Hon. Jeffrey I. Cummings |

**PLAINTIFFS' MOTION FOR STATUS ON DEFENDANT, WELLPATH'S, MOTION TO WITHDRAW AS COUNSEL AND MOTION TO DISMISS**

NOW COME the Plaintiffs, KENNETH EVANS and KENYA EVANS, as the Independent Administrators of the Estate of KHAYLA J. EVANS, deceased, by and through their attorneys SALVI, SCHOSTOK & PRITCHARD P.C. and move this Honorable Court for a status hearing regarding Defendant, WELLPATH, LLC's, Motion to Withdraw as Counsel for Wellpath and its Motion to Dismiss Wellpath, LLC. Plaintiffs state as follows:

1

1. On June 30, 2023, the Plaintiffs filed the above-captioned lawsuit arising out of the death of their 24-year-old daughter, Khayla J. Evans, while she was detained at Lake County Adult Corrections Facility. This cause being brought in part under 42 U.S.C.A. § 1983 alleges that Khayla's death was caused by, *inter alia*, failures to timely and appropriately administer medical treatment by various Defendants. At the time of the subject incidents, Defendant, Wellpath, LLC, was contracted by Lake County to provide medical and mental healthcare services to detainees at Lake County Adult Corrections Facility.

2. The Plaintiffs filed the operative Second Amended Complaint on January 16, 2024.

3. During the pendency of this case, on November 11, 2024, Wellpath, filed for Chapter 11 bankruptcy in the Southern District of Texas. An automatic stay of all proceedings was placed on cases involving Wellpath, Thus, the parties in this matter halted litigation while the stay remained in effect.

4. On May 1, 2025, the Texas Bankruptcy Court entered an order Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtors Affiliates.

5. On May 7, 2025, the automatic bankruptcy stay expired and was lifted.

6. Once the stay expired, Plaintiffs asserted its position that discovery should resume in this matter since the stay expired. Wellpath asserted that the First Amended Joint Chapter 11 Plan discharged it from liability for all claims against Wellpath, including this matter, and that all claims against Wellpath must be satisfied through the First Amended Joint Chapter 11 Plan. (*See* Dkt. 112 and 115). Plaintiffs' counsel and Wellpath's counsel met and conferred, however the two parties remained at an impasse regarding how to move forward with this litigation.

7. Subsequently, on June 18, 2025, Wellpath's counsel filed a Motion to Withdraw as Counsel for Wellpath arguing that, under the First Amended Joint Chapter 11 Plan, Wellpath is no longer the properly named Defendant since Wellpath is no longer a viable entity. (*See* Dkt 114).

8. On July 1, 2025, Wellpath filed an Opposed Motion to Dismiss Wellpath LLC. In a similar vein as its Motion to Withdraw as Counsel, Wellpath asserted, *inter alia*, it is discharged from call claims and cause of actions, including this case, and a Liquidated Trust is now the proper defendant since Wellpath is no longer a viable entity. (*See* Dkt. 116).

9. Plaintiffs now seek an in-person hearing date to address the aforementioned issues regarding the application of the First Amended Joint Chapter 11 Plan and to enter a briefing schedule to address Wellpath's Opposed Motion to Dismiss Wellpath.

WHEREFORE, the Plaintiffs pray this Honorable Court grant their Motion for Status on Defendant, WELLPATH LLC'S, Motion to Withdraw as Counsel for Wellpath and its Opposed Motion to Dismiss Wellpath and provide the parties with an in-person hearing date to discuss the aforementioned issues as well as set a briefing schedule for Defendant, Wellpath's, Opposed Motion to Dismiss Wellpath.

Respectfully Submitted,

/s/ Tara Devine
Attorney for Plaintiffs

Tara R. Devine (ARDC #6280880)
Eirene N. Salvi (ARDC #6321198)
Jaclyn J. Kurth (ARDC #6336949)
SALVI, SCHOSTOK & PRITCHARD P.C.
218 N. Martin Luther King Jr. Ave
Waukegan, Illinois 60085
(847) 249-1227
tdevine@salvilaw.com
esalvi@salvilaw.com

jkurth@salvilaw.com

4